RON BENDER (SBN 143364)
J.P. FRITZ (SBN 245240)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: RB@LNBYB.COM; JPF@LNBYB.COM;

Proposed Attorneys for Chapter 11 Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

In re:

MAGNOLIA BREWING COMPANY, LLC,

also doing business as McLean Breweries,

   Debtor and Debtor in Possession

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 15-31480

Chapter 11 Case

**DEBTOR'S EMERGENCY MOTION FOR ORDER: (1) AUTHORIZING DEBTOR TO (A) PAY AND HONOR PRE-PETITION EMPLOYEE WAGES, RELATED PAYROLL TAXES, REIMBURSABLE EXPENSES AND OTHER EMPLOYEE OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS; (B) HONOR ACCRUED VACATION, LEAVE AND OTHER BENEFITS; AND (2) PROVIDING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: December 2, 2015
Time: 9:30 a.m.
Place: U.S. Bankruptcy Court
   Courtroom 22
   235 Pine St., 23rd Floor
   San Francisco, CA 94101
Judge: The Hon. Dennis Montali

Magnolia Brewing Company, LLC (also doing business as McLean Breweries) (the "Debtor"), the chapter 11 debtor and debtor in possession in the above-captioned bankruptcy case, hereby respectfully moves, pursuant to 11 U.S.C. §§ 105(a), 363(b), 363(c), and 507(a)(4) and (a)(5), as applicable (the "Motion"), for the entry of an order, in substantially the same form and substance as the proposed form of order attached hereto as Exhibit "1" (the "Order"): (1) authorizing the Debtor to: (A) pay pre-petition wages, related payroll taxes, commissions, benefits and reimbursable expenses (collectively, "Wages") to employees, and (B) honor pre-petition accrued vacation and leave benefits in the ordinary course of the Debtor's business, provided that no employee shall receive in value over $12,475 on account of the foregoing pre-petition claims; and (2) providing related relief. This Motion is supported by the *Declaration of John Appel in Support of Certain First-Day Motions* (the "Appel Declaration") which the Debtor is filing concurrently with this Motion.

The Debtor owns and operates two valuable and profitable restaurants and breweries in San Francisco and employs approximately 100 people. By way of a separate motion, the Debtor is seeking Court authority to use cash collateral to continue to operate and pay the expenses that are necessary to pay to avoid immediate and irreparable harm, including, but not limited to, payroll, rent, utilities, and trade debt to vendors to continue operating the Debtor's two restaurants and breweries as going-concern businesses, in accordance with the budget (the "Budget") attached as Exhibit "1" to the Appel Declaration. In order not to overburden the Court with unnecessary or redundant pleadings, the Appel Declaration will support both this Motion as well as the Debtor's emergency cash collateral motion.

The Debtor filed a voluntary petition under Chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") on November 30, 2015 (the "Petition Date"). The Debtor continues to

operate its business, manage its financial affairs and administer its bankruptcy estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

In order to preserve the value of the Debtor's business as a going-concern and retain its employees, the Debtor requests Court authority to pay the Wages and honor pre-petition accrued vacation and leave benefits in the ordinary course of the Debtor's business, provided that no employee shall receive in value over $12,475 on account of the foregoing pre-petition claims. The Debtor also seeks Court authority to pay all employee withholdings and employee payroll taxes related to the Wages.

The Debtor typically pays its Wages every other Friday (funded the day before through its outside payroll service company, Payroll Resource Group) by check. The Debtor's last payroll was paid by checks to employees on Friday, November 20, 2015, covering the work period of November 2 through 15, 2015, all of which is prepetition. The total amount of that payroll is approximately $109,149.90 for approximately 92 employees. A true and correct copy of the payroll, with social security numbers and names redacted for privacy, is attached as Exhibit "2" to the Appel Declaration (the Debtor will make a non-redacted copy available for the United States Trustee and the Court upon request). Many or most of the employees presumably have already cashed their checks distributed on November 20, 2015, but, to the extent checks have not yet been cashed or cleared, the Debtor requests Court authority to honor such payments post-petition.

The Debtor's next payroll will be funded on December 3, 2015, with checks distributed on December 4, 2015, covering the work period of November 16 through 29, 2015, all of which constitutes prepetition payroll. The approximate amount of that payroll will be $110,000 for approximately 92 employees, similar to the payroll attached as Exhibit "2" To the Appel Declaration.

Additionally, the Debtor's employees have accrued pre-petition vacation and leave benefits, which the Debtor requests authorization to continue to honor post-petition in the ordinary course of the Debtor's business. No employee will receive in value over $12,475 on account of his/her collective pre-petition claims for Wages and vacation and leave benefits.

Thus, by this Motion, the Debtor seeks authority to (i) pay and/or honor all pre-petition Wages of its employees (including any Wages which are unpaid as a result of a pre-petition payroll check being returned for insufficient funds which may be caused by a freeze on the Debtor's pre-petition bank accounts or a conversion to debtor in possession accounts); and (ii) honor accrued vacation and leave benefits in the ordinary course of business, provided that no employee shall receive in value over $12,475 on account of pre-petition claims for Wages and vacation and leave benefits.

The source of the funds to be used to pay and/or honor the pre-petition Wages and accrued vacation and leave benefits of the employees will be the Debtor's cash on hand and cash collateral, as set forth in the Budget pending Court approval pursuant to a separately and concurrently filed emergency cash collateral motion.

The Debtor's two restaurants are modern American gastro-pubs serving menu items that are high quality, fresh, locally sourced and sustainable, as well as a full line of beers from its own brewery and a full bar with signature cocktails and one of the best selection of fine and rare bourbons and rye whiskies in San Francisco. In the highly competitive and cutting-edge restaurant business in San Francisco, it is necessary for the Debtor to maintain its highly competent, capable, and knowledgeable staff, including cooks, bartenders, and servers who know the food and drink menus and recipes and can deliver high quality service. In order to keep its staff, the Debtor must be able to pay employee wages and honor accrued vacation and leave benefits in the ordinary course of business, or the staff will almost certainly leave and find

4

employment elsewhere. In the modern era of social media online reviews, such as Yelp, if the Debtor's knowledgeable and capable staff leaves and the Debtor is forced to hire new cooks, bartenders, and servers who are not familiar with or capable of skillfully preparing and serving the food and drink items, then customers will become dissatisfied, not return themselves, and post unflattering and harmful reviews that will cause others to go elsewhere. The Debtor has many signature dishes and cocktails. For example, the brisket is a highly praised signature item at one of the Debtor's restaurants, the Smokestack, and it is crucial that it be prepared the right way, starting with the high quality ingredients from the farmhouse to the skills of the chef in the kitchen and all the way to the table. If the quality of the Debtor's food and drink specialties fall to the level of mediocre fare available anywhere, then the Debtor will surely lose customers, and the business and going-concern value will suffer. Therefore, it is highly important that the Debtor be able to pay the Wages and honor accrued vacation and leave benefits in order to keep its employees.

## ADDITIONAL INFORMATION

This Motion is based upon applicable Local Bankruptcy Rules, 11 U.S.C. §§ 105(a), 363(b), 363(c), and 507(a)(4) and (a)(5), and Rule 6003 of the Federal Rules of Bankruptcy Procedure, the supporting Memorandum of Points and Authorities, the Appel Declaration, the arguments and statements of counsel to be made at the hearing on the Motion, and other admissible evidence properly brought before the Court.

In order to provide maximum notice of this Motion, on November 30, 2015, the Debtor will serve a copy of the Motion and all supportive papers upon the Office of the United States Trustee, all secured creditors and their counsel (if known), the Debtor's twenty (20) largest unsecured creditors, and on those parties who have requested special notice, via email (if known) and/or overnight mail to the extent email addresses are not known.

**WHEREFORE**, the Debtor respectfully requests that this Court hold a hearing on this Motion and issue an order:

1. granting this Motion and entering the Order;

2. affirming the adequacy of the notice given;

3. finding that the relief requested in this Motion is necessary to avoid immediate and irreparable harm;

4. authorizing the Debtor to (i) pay and/or honor all pre-petition Wages to its employees and related payroll taxes as requested herein; and (ii) honor pre-petition accrued vacation and leave benefits in the ordinary course of business, provided that no employee shall receive in value over \$12,475 on account of such pre-petition claims for Wages and pre-petition vacation and leave benefits; and

5. granting such other and further relief as the Court deems just and proper.

Dated: November 30, 2015                   MAGNOLIA BREWING COMPANY, LLC

By:___*/s/ Ron Bender*_____
    RON BENDER
    JOHN-PATRICK M. FRITZ
    LEVENE, NEALE, BENDER, YOO
    & BRILL L.L.P.
    Proposed Attorneys for Chapter 11 Debtor
    and Debtor in Possession

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

### A. Background

1. The Debtor filed a voluntary petition under Chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") on November 30, 2015 (the "Petition Date"). The Debtor continues to operate its business, manage its financial affairs and administer its bankruptcy estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. In order to avoid duplication, the Debtor respectfully directs the Court and readers to the discussion contained in the statement of facts in the Debtor's *Emergency Motion for, and Memorandum of Points and Authorities in Support of, Entry of Interim and Final Orders: (I) Authorizing Debtor to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection to Pre-petition Secured Creditors Pursuant to 11 U.S.C. §§ 361, 363, and 507; (III) Scheduling a Final Hearing Pursuant to Fed.R.Bankr.P. 4001(b); and (IV) Granting Related Relief* (the "Cash Collateral Motion"), which is also being filed on November 30, 2015 in connection with an emergency hearing to be held before the Court on December 2, 2015, at 9:30 a.m.

### B. The Necessity To Pay Pre-Petition Priority Wages And Honor Pre-Petition Accrued Vacation And Other Leave Benefits

3. The Debtor owns and operates two valuable and profitable restaurants and breweries in San Francisco and employs approximately 100 people. By way of the separately and concurrently filed Cash Collateral Motion, the Debtor is seeking Court authority to use cash collateral to continue to operate and pay the expenses that are necessary to pay to avoid immediate and irreparable harm, including, but not limited to, payroll, rent, utilities, and trade

debt to vendors to continue operating the Debtor's two restaurants and breweries as going-concern businesses, in accordance with the Budget attached to the Appel Declaration.

4.     In order to preserve the value of the Debtor's business as a going-concern and retain its employees, the Debtor requests Court authority to pay the Wages and honor its pre-petition accrued vacation and leave benefits in the ordinary course of the Debtor's business, provided that no employee shall receive in value over $12,475 on account of the foregoing pre-petition claims. The Debtor also seeks Court authority to pay all employee withholdings and employee payroll taxes related to the Wages.

5.     The Debtor typically pays its respective employees' Wages every other Friday (funded the day before through its outside payroll service company, Payroll Resource Group) by check. The Debtor's last payroll was paid by checks to employees on Friday, November 20, 2015, and covers the work period of November 2 through 15, 2015, all of which is prepetition. The total amount of that payroll is approximately $109,149.90 for approximately 92 employees. A true and correct copy of the payroll, with social security numbers and names redacted for privacy, is attached as Exhibit "2" to the Appel Declaration (the Debtor will make a non-redacted copy available for the United States Trustee and the Court upon request). Most of that payroll has cleared, but there may be some checks from that period that have not yet been cashed (approximately $7,750 as of the Petition Date). To the extent checks have not been cashed or cleared, the Debtor requests Court authority to honor such payments post-petition.

6.     The next payroll will be funded on December 3, 2015, with checks distributed on December 4, 2015, covering the work period of November 16 through 29, 2015, all of which constitutes pre-petition payroll. The approximate amount of the payroll is $110,000 for approximately 92 employees in amounts similar to those amounts in Exhibit "2". The Debtor requests Court authority to pay this pre-petition payroll.

7. Additionally, the Debtor's employees have accrued pre-petition vacation and leave benefits, which the Debtor requests authorization to continue to honor in the ordinary course of the Debtor's business. No employee will receive in value over $12,475 on account of their collective pre-petition claims for Wages and vacation and leave benefits.

8. Thus, by this Motion, the Debtor seeks authority to (i) pay and/or honor all pre-petition Wages of its employees (including any Wages which are unpaid as a result of a pre-petition payroll check being returned for insufficient funds which may be caused by a freeze on the Debtor's pre-petition bank accounts or a conversion to debtor in possession accounts); and (ii) honor accrued pre-petition vacation and leave benefits in the ordinary course of business, provided that no employee shall receive in value over $12,475 on account of pre-petition claims for Wages and pre-petition vacation and leave benefits.

9. The source of the funds to be used to pay and/or honor the pre-petition Wages and accrued vacation and leave benefits of the employees will be the Debtor's cash on hand and cash collateral, in accordance with the Budget pending Court approval pursuant to the separately and concurrently filed Cash Collateral Motion.

10. The Debtor's two restaurants are modern American gastro-pubs serving menu items that are high quality, fresh, locally sourced and sustainable, as well as a full line of beers from its own brewery and a full bar with signature cocktails and one of the best selection of fine and rare bourbons and rye whiskies in San Francisco. In the highly competitive and cutting-edge restaurant business in San Francisco, it is necessary for the Debtor to maintain its highly competent, capable, and knowledgeable staff, including cooks, bartenders, and servers who know the food and drink menus and recipes and can deliver high quality service. In order to keep its staff, the Debtor must be able to pay employee wages and honor accrued vacation and leave benefits in the ordinary course of business, or the staff will almost certainly leave and find

9

employment elsewhere. In the modern era of social media online reviews, such as Yelp, if the Debtor's knowledgeable and capable staff leaves and the Debtor is forced to hire new cooks, bartenders, and servers who are not familiar with or capable of skillfully preparing and serving the food and drink items, then customers will become dissatisfied, not return themselves, and post unflattering and harmful reviews that will cause others to go elsewhere. The Debtor has many signature dishes and cocktails. For example, the brisket is a highly praised signature item at one of the Debtor's restaurants, the Smokestack, and it is crucial that it be prepared the right way, starting with the high quality ingredients from the farmhouse to the skills of the chef in the kitchen and all the way to the table. If the quality of the Debtor's food and drink specialties fall to the level of mediocre fare available anywhere, then the Debtor will surely lose customers, and the business and going-concern value will suffer. Therefore, it is highly important that the Debtor be able to pay the Wages and honor accrued vacation and leave benefits in order to keep its employees.

## C.   **Representations Regarding Wages**

11.   The Debtor makes the following disclosures in connection with this Motion:

12.   The employees are still employed by Debtor. The Wages and vacation and leave benefits the Debtor proposes to pay are for employees that the Debtor still employs and will continue to employ at this time.

13.   The proposed payments to the employees are absolutely necessary. It is crucial for the Debtor to retain its employees to preserve the going-concern value of its business in the highly competitive San Francisco restaurant business. Furthermore, it is crucial that the Debtor retain its management and office employees during this critical beginning phase of the Debtor's bankruptcy case, where additional administrative and other obligations are imposed upon the Debtor, and when the Debtor will require the efforts of its employees to, among other things, maintain the

value of the Debtor's assets, assist the Debtor with the Debtor's business operations, assist the Debtor with the Debtor's chapter 11 bankruptcy obligations, serve as resources to the Debtor's bankruptcy counsel, and otherwise fulfill their respective job responsibilities during the Debtor's bankruptcy case.

14.     If the Debtor does not continue to pay its employees their ordinary and earned Wages and continue to honor employee benefits, the employees may (and likely would) quit, and the Debtor's business will suffer as new employees will have to learn the specialty food and drink recipes, which, even when learned, may not come out the same, causing the Debtor to lose existing and future clientele. Without the employees, the Debtor's value may (and likely would) be irreparably and significantly negatively impacted. Moreover, the Debtor seeks the ability to be able to represent to its employees as soon as possible that the Bankruptcy Court has approved this Motion (or, alternatively, if the Bankruptcy Court has denied this Motion, to immediately advise their employees of such facts so that employees are aware of such facts and do not later claim that the Debtor misrepresented or withheld facts from its employees). Based on the foregoing, the Debtor respectfully submits that the relief requested in this Motion is urgent and necessary to avoid immediate and irreparable harm.

15.     The proposed payment procedures are beneficial to the Debtor. The Debtor seeks to honor the Wages and other benefits which would constitute priority claims pursuant to Section 507 of the Bankruptcy Code. Such claims would otherwise be required to be paid in full under any confirmed plan of reorganization. However, if the Debtor does not honor such Wages and benefits now, the Debtor runs a serious risk of losing talented, valuable employees. The loss of employees would be severely detrimental to the Debtor's business.

16.     No Insiders are being Paid Pursuant to this Motion. None of the Wages constitutes the Wages of any insiders of the Debtor.

11

17.     The employees' pre-petition claims sought to be honored by this Motion are within the limits established by Section 507 of the Bankruptcy Code. The Debtor only seeks authority to (i) pay and/or honor all pre-petition Wages of the employees and related payroll taxes; and (ii) honor accrued vacation and leave benefits in the ordinary course of business, provided that no employee shall receive in value over $12,475 on account of pre-petition claims for Wages and vacation and leave benefits.

18.     The proposed payments will not render the Debtor's estate administratively insolvent. The Debtor believes that its cash on hand and projected cash flow in the Budget is sufficient to pay the Wages without rendering the Debtor's estate administratively insolvent. The Debtor is current with its payroll obligations, and is seeking Court approval to pay the Wages solely due to the timing of its bankruptcy filing as compared to the Debtor's payroll schedule.

19.     Based on the foregoing, the Debtor respectfully submits that the relief requested in this Motion is both appropriate and necessary to avoid immediate and irreparable harm.

## II.     DISCUSSION

### A.     Payment Of Certain Pre-Petition Wages Is Permissible Under Section 507(a)(4).

Section 507(a)(4) of the Bankruptcy Code provides priority to claimants, up to $12,475 per individual, for wages, salaries, or commissions, including vacation, insurance, and sick leave earned by individuals within 180 days prior to the filing of a case under chapter 11 of the Bankruptcy Code. Here, the Debtor only seeks to pay such Wages, salaries, or commissions, including vacation, insurance, and sick leave, earned by individuals within 180 days prior to the filing of a case under chapter 11 of the Bankruptcy Code.

### B.     The Court Has The Authority To Grant The Relief Requested Herein.

Pursuant to Section 105(a) of the Bankruptcy Code, "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The basic

purpose of Section 105(a) is "to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid in their jurisdiction." 2 Collier on Bankruptcy ¶ 105.01 at 105-3 (15th ed. rev. 1998). Essentially, Section 105(a) codifies the bankruptcy court's inherent equitable powers. *See Green v. Drexler (In re Feit & Drexler, Inc.)*, 760 F.2d 406 (2d Cir. 1985).

Where business exigencies require, courts have authorized debtors to pay the pre-petition claims of particular creditors. *In re Ionosphere Clubs, Inc.*, 98 B.R. 174 (Bankr. S.D.N.Y. 1989). The "Necessity of Payment Rule" empowers a court to authorize a debtor to pay pre-petition claims essential to continued operations. *Id.* at 175-76 (citing *Miltenberger v. Logansport, C. & S. W .R. Co.*, 106 U.S. 286 (1882)): "The 'necessity of payment' doctrine permits immediate payment of claims of creditors where those creditors will not supply services or materials essential to the conduct of the business until their pre-reorganization claims have been paid." *Ionosphere Clubs*, 98 B.R. at 176 (quoting *In re Leigh and New England Railway Company*, 657 F.2d 570, 581 (3rd Cir. 1981)). This rule applies in all chapter 11 cases because "the rationale for the necessity of payment rule, i.e., facilitating the continued operation and rehabilitation of the debtor . . . is . . . a paramount goal of chapter 11." *Ionospere Clubs*, 98 B.R. at 176 (citing *Dudley v. Mealey*, 147 F.2d 268 (2d Cir. 1945)). Therefore, where continued operation and rehabilitation of the debtor require payment of pre-petition wages, the Court may authorize such payment under Sections 363(b) and/or 105(a) of the Bankruptcy Code.

In *Armstrong World Industries, Inc. v. James A. Phillips, Inc. (In re James A. Phillips, Inc.)*, 29 B.R. 391, 394 (S.D.N.Y. 1983), the district court recognized the "special status" of suppliers holding unstayed lien rights, and authorized the debtor to pay their claims in the ordinary course of its business activities. *See also Dave Noake, Inc. v. Harold's Garage, Inc. (In re Dave Noake, Inc.)*, 45 B.R. 555 (Bankr. D. Vt. 1984) (rejecting a challenge under section 549 to post-petition payments made to creditor holding lien rights under local law). Similarly, one former bankruptcy judge has

recognized that when "confronted with special circumstances . . . particularly in the early stages of the case, a court may preserve the potential for rehabilitation." Ordin, Finality of Order of Bankruptcy Court, 54 Am. Bankr. L.J. 173 (1980).

In *In re Gulf Air, Inc.*, 112 Bankr. 152 (Bankr. W.D. La. 1989), the court noted that cases decided both under the Act and the Code have recognized the "necessity of payment" doctrine under which payment of pre-petition employee claims is authorized prior to the time a plan of reorganization is confirmed so long as absent such payment there is a risk that the services of key employees will be lost to the debtor and without such employees, the debtor's going concern value will be impaired. *Id.* at 153.

## C. The Relief Requested Herein Is Necessary To Avoid Immediate And Irreparable Harm And Is Therefore Warranted Under Rule 6003 Of The Federal Rules Of Bankruptcy Procedure.

Rule 6003 of the Federal Rules of Bankruptcy Procedure states, in relevant part:

> Except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding the following:
> [...]
>
> (b) a motion to use, sell, lease, or otherwise incur an obligation, regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition, but not a motion under Rule 4001; and
>
> (c) a motion to assume or assign an executory contract or unexpired lease in accordance with §365.

Fed. R. Bankr. P. 6003.

The Debtor's failure to pay pre-petition Wages to the employees and honor the Debtor's pre-petition accrued vacation and leave benefits will likely result in severe disruptions to the Debtor's operations and may jeopardize the Debtor's ability to preserve the full value of its business as a going-concern based on high quality food and drink service and specialty recipe offerings to its clientele.

All of the payments being requested to be made herein are payments on account of claims which would be entitled to priority under the Bankruptcy Code, in that all such Wages and vacation and leave benefits were earned within 180 days of the filing of the Debtors' bankruptcy petition.

Accordingly, the Debtor respectfully submits that the payment of the employees' pre-petition Wages and related payroll taxes, and the honoring of the employees' accrued vacation and leave benefits, are necessary to avoid immediate and irreparable harm and are therefore warranted under Rule 6003 of the Federal Rules of Bankruptcy Procedure.

### III.   CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that this Court hold a hearing on this Motion and issue an order:

1.   granting this Motion and entering the Order;

2.   affirming the adequacy of the notice given;

3.   finding that the relief requested in this Motion is necessary to avoid immediate and irreparable harm;

4.   authorizing the Debtor to (i) pay and/or honor all pre-petition Wages to its employees and related payroll taxes as requested herein; and (ii) honor accrued vacation and leave benefits in the ordinary course of business, provided that no employee shall receive in value over $12,475 on account of such pre-petition claims for Wages and pre-petition vacation and leave benefits; and

/ / /

/ / /

/ / /

/ / /

5.      granting such other and further relief as the Court deems just and proper.

Dated: November 30, 2015                   MAGNOLIA BREWING COMPANY, LLC

                                By:___/s/ Ron Bender_____
                                      RON BENDER
                                      JOHN-PATRICK M. FRITZ
                                      LEVENE, NEALE, BENDER, YOO
                                      & BRILL L.L.P.
                                      Proposed Attorneys for Debtor and
                                      Debtor in Possession

**Exhibit 1**

RON BENDER (SBN 143364)
J.P. FRITZ (SBN 245240)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: RB@LNBYB.COM; JPF@LNBYB.COM

Proposed Attorneys for Chapter 11 Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | ) Case No. 15-31480 |
| | ) |
| MAGNOLIA BREWING COMPANY, | ) Chapter 11 Case |
| LLC, | ) |
| | ) **ORDER (1) AUTHORIZING DEBTOR TO** |
| also doing business as McLean Breweries, | ) **(A) PAY AND HONOR PRE-PETITION** |
| | ) **EMPLOYEE WAGES, RELATED** |
| Debtor and Debtor in Possession | ) **PAYROLL TAXES, REIMBURSABLE** |
| | ) **EXPENSES AND OTHER EMPLOYEE** |
| | ) **OBLIGATIONS IN THE ORDINARY** |
| | ) **COURSE OF BUSINESS; (B) HONOR** |
| | ) **ACCRUED VACATION, LEAVE AND** |
| | ) **OTHER BENEFITS; AND (2) PROVIDING** |
| | ) **RELATED RELIEF** |
| | ) |
| | ) |
| | ) |
| | ) Date: December 2, 2015 |
| | ) Time: 9:30 a.m. |
| | ) Place: U.S. Bankruptcy Court |
| | ) Courtroom 22 |
| | ) 235 Pine St., 23rd Floor |
| | ) San Francisco, CA 94101 |
| | ) Judge: The Hon. Dennis Montali |
| | ) |
| | ) |
| | ) |
| | ) |

On December 2, 2015, commencing at 9:30 a.m., the Court held a hearing to consider the emergency motion filed by Magnolia Brewing Company, LLC (also doing business as McLean Breweries) (the "Debtor"), the chapter 11 debtor and debtor in possession in the above-captioned bankruptcy case, pursuant to 11 U.S.C. §§ 105(a), 363(b), 363(c), and 507(a)(4) and (a)(5), as applicable (the "Motion") [docket entry no. __], for the entry of an order: (1) authorizing the Debtor to: (A) pay pre-petition wages, related payroll taxes, commissions, benefits and reimbursable expenses (collectively, "Wages") to employees, and (B) honor pre-petition accrued vacation and leave benefits in the ordinary course of the Debtor's business, provided that no employee shall receive in value over $12,475 on account of the foregoing pre-petition claims; and (2) providing related relief.

The Court, having considered the Motion, the declaration of John Appel [docket entry no. __] filed in support of the Motion, all documents filed in support of the Motion, the statements and arguments made on the record at the hearing, and the entire record in this case, and the Court, having found that notice of the Motion was proper under the Local Bankruptcy Rules, the Federal Rules of Bankruptcy Procedure, and the Bankruptcy Code, as may have been modified by the Court under the circumstances, and having determined that the approval of the Motion on an emergency basis is necessary and proper to avoid irreparable harm to the Debtor and its estate, and for other good cause appearing,

**HEREBY ORDERS AS FOLLOWS:**

1. The Motion is granted.

2. The Debtor is authorized to pay and/or honor the Wages of its employees in the ordinary course of business, including those Wages which are unpaid as a result of a pre-petition payroll check being returned for insufficient funds.

3.        The Debtor is authorized to pay any payroll taxes owed in connection with the Wages.

4.        The Debtor is authorized to honor pre-petition accrued vacation and leave benefits in the ordinary course of the Debtor's business.

5.        No employee shall receive in value over $12,475 on account of the foregoing pre-petition claims.

6.        Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in the Motion or this Order shall be deemed (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request for authorization to assume any agreement, contract, or lease pursuant to Bankruptcy Code section 365; (f) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law; or (g) to create any rights in favor of, or enhance the status of, any claim held by any person or entity.

**\*End of Order\***

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **Debtor's Emergency Motion For Order: (1) Authorizing Debtor To (A) Pay And Honor Pre-Petition Employee Wages, Related Payroll Taxes, Reimbursable Expenses And Other Employee Obligations In The Ordinary Course Of Business; (B) Honor Accrued Vacation, Leave And Other Benefits; And (2) Providing Related Relief; Memorandum Of Points And Authorities In Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 28, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On November 30, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 30, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via email and/or overnight mail as indicated on the attached service list

Via Overnight Mail to:
The Honorable Judge Montali
United States Bankruptcy Court – San Francisco Division
235 Pine Street, 19th Floor
San Francisco, CA 94104

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 30, 2015 | Jason Klassi | /s/ Jason Klassi |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Case: 15-31480   Doc# 5   Filed: 11/30/15   Entered: 11/30/15 22:23:03   Page 21 of 24

June 2012                                                                   **F 9013-3.1.PROOF.SERVICE**

**15-31480 Notice will be electronically mailed to:**

Ron Bender on behalf of Debtor Magnolia Brewing Company, LLC
rb@lnbyb.com

Office of the U.S. Trustee / SF
USTPRegion17.SF.ECF@usdoj.gov, ltroxas@hotmail.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Case: 15-31480   Doc# 5   Filed: 11/30/15   Entered: 11/30/15 22:23:03   Page 22 of 24

*June 2012*                                                              **F 9013-3.1.PROOF.SERVICE**

Elisabeth & Robert Rix
Attn: Betsy Rix
118 Comstock Road
Woodside, CA 94062
Phone: (650) 743-3401
E-mail betsyrix@gmail.com

David Reifsnyder & Jeri Beltman
Attn: David Reifsnyder
1246 King Drive
El Cerrito, CA 94530
Phone: (510) 237-8889
E-mail reifsnyder.david@gene.com

Thomas Skibo
30 Ashbury Ter
San Francisco, CA 94117
Phone: (415) 504-6773
E-mail thomasskibo@yahoo.com

BiRite
Attn: Judith Duppman
123 S. Hill Drive
Brisbane, California 94005
Phone: 415-656-0187 ext 341
E-mail jduppman@birite.com

Alfa Laval, Inc.
Attn: Ashok Shrivastava
PO BOX 123227
Dallas, Texas 75312-3227
Phone: 215 443 4293
E-mail ashok.shrivastava@alfalaval.com

Brewers Supply Group
Attn: VERONICA THOMSON
PO Box 74769
Chicago, Illinois 60694-4769
Phone: 952-465-0576
E-mail vthomson@bsgcraft.com

Asia International, Inc.
Attn: Dianne Reyburn-Vigil
851 Burlway Rd
Suite 306
Burlingame, California 94010
Phone: 949-269-2331
E-mail dianne@asiainternationalinc.com

Peter Watler & Daphne Feng
Attn: Peter Watler
235 Berry St. #609
San Francisco, CA 94158
Phone: (415) 235-1911
E-mail pwatler@yahoo.com

Eric Heath
1531 Spring Drive
Wichita, KS 67208
Phone: (415) 572-0088
E-mail p200eric@yahoo.com

LoanMe, Inc.
Attn: Jamil Albeitawi
1900 S. State College Boulevard
Suite 300
Anaheim, CA 92806
Phone: 949-535-7052
E-mail jamil.albeitawi@loanme.com

Kevin Landwehr
Nothing Something
1994 Hayes Street
San Francisco, CA 94117
Phone: (646) 221-9972
E-mail: whatisit@nothingsomething.com

Statco Engineering
Attn: Kris Stover
7595 Reynolds Circle
Huntington Beach, California 92647
Phone: 714-375-6300
E-mail kstover@statco-dsi.com

Country Malt, divsion of Great Western
Malting Co.
Attn: Tara Carrol
2488 Baumann Avenue
San Lorenzo, California 94580
Phone: 360-905-3380
E-mail
tara.carroll@greatwesternmalting.com

Sangeetha Ganesan
2 Maplewood Circle
Newark        DE        19711
Phone: (207) 590-7555
E-mail: sganesan56@gmail.com

Scott Roberts
777 Buena Vista Ave. West
San Francisco, CA 94117
Phone: (415) 602-4865
E-mail sroberts@linkedin.com

Marc Snyder & Emilie Choi
Attn: Marc Snyder
555 4th St. #107
San Francisco, CA 94107
Phone: (917) 749-7315
E-mail msnyder00@yahoo.com

MaltHandling.com, LLC
Attn: Marc Marashi
6355 N. Broadway
Suite 16
Chicago, IL 60660
Phone: 773-888-7718
E-mail marc@malthandling.com

Pooja Ganesan
111 S. 15TH Street
APT 1607
Philadelphia, PA 19102
Phone: (207) 590-7555
E-mail pganesan330@gmail.com

Postcard Communications
Attn: Olga Katsnelson
58 Maiden Lane - 3rd Floor
San Francisco, California 94108
Phone: 415-508-6727
E-mail olga@postcardcomm.com

Branthill Holdings LLC
Attn: Teddy Maufe
1824 Page Street
San Francisco, California 94117
Phone: 00 44 (0) 1328 71024
E-mail branthill.farms@gmail.com

**Secureds**
**Service via overnight mail and/or email**

FORA FINANCIAL WEST, LLC
242 W 36TH STREET
New York, NY 10018
accountspayable@forafinancial.com

ACH CAPITAL LLC
AS AGENT FOR CAP CALL LLC
11 BROADWAY, SUITE 814
New York, NY 10004

CORPORATION SERVICE COMPANY,
AS REPRESENTATIVE
P.O. BOX 2576
UCCSPREP@CSCINFO.COM
Springfield, IL 62708

EMPLOYMENT DEVELOPMENT
DEPARTMENT
PO BOX 826880
Sacramento, CA 94280

IRS / OAKLAND
1301 CLAY ST., STE 1000 S
Oakland, CA 94612

IRS/OHIO
P.O. BOX 145595
Cincinnati, OH 45250

OBDC SMALL BUSINESS FINANCE
825 WASHINGTON STREET, SUITE 200
Oakland, CA 94607

UNION BANK, N.A.
PO BOX 30115
Los Angeles, CA 90030

YELLOWSTONE CAPITAL WEST LLC
25 DEERWOOD DRIVE
Buffalo, NY 14221