RON BENDER (SBN 143364)
J.P. FRITZ (SBN 245240)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: RB@LNBYB.COM; JPF@LNBYB.COM

Proposed Attorneys for Chapter 11 Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>MAGNOLIA BREWING COMPANY, LLC,<br><br>also doing business as McLean Breweries,<br><br>Debtor and Debtor in Possession | Case No. 15-31480<br><br>Chapter 11 Case<br><br>**SUPPLEMENTAL DECLARATION OF RON BENDER, ESQ. IN SUPPORT APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LEVENE, NEALE, BENDER, YOO & BRILL L.L.P. AS BANKRUPTCY COUNSEL**<br><br>[No Hearing Required] |

I, Ron Bender, Esq., hereby declare as follows:

1. I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto. Capitalized terms not otherwise defined herein shall have the same meaning ascribed to such terms in the "Application Of Debtor And Debtor In Possession To Employ Levene, Neale, Bender, Yoo & Brill L.L.P. As Bankruptcy Counsel Pursuant To 11 U.S.C. §§ 327, 330, and 331" which was filed with the Court on December 4, 2015 as docket number 23 (the "Application"). I am submitting this Supplemental Declaration to

supplement my original Declaration that I filed with the Court on December 4, 2015 as docket number 24 ("Original Declaration").

3. Magnolia Brewing Company, LLC (also doing business as McLean Breweries), chapter 11 Debtor and Debtor in possession in the above-captioned, chapter 11 bankruptcy case (the "Debtor"), has requested LNBYB to serve as the Debtor's bankruptcy counsel in connection with the Debtor's chapter 11 bankruptcy case effective as of November 30, 2015 (which was the date of the Debtor's chapter 11 bankruptcy filing) upon the terms and conditions described in the Application.

4. As indicated in my Original Declaration, the Debtor paid the total sum of $10,000.00 to LNBYB for legal services in contemplation of and in connection with the Debtor's chapter 11 case (the "Retainer"), which Retainer is inclusive of the $1,717.00 chapter 11 bankruptcy filing fee for the Debtor. LNBYB was advised by the Debtor that the source of payment of the Retainer was from the Debtor's funds. LNBYB has not been paid any other money by the Debtor at any other time. LNBYB received this $10,000 payment from the Debtor on November 18, 2015. LNBYB was not retained to provide the Debtor with any services other than bankruptcy related services, and LNBYB has not provided the Debtor with any services other than bankruptcy related services.

5. Attached hereto as Exhibit "1" is a copy of LNBYB's pre-petition written retention agreement with the Debtor.

6. LNBYB incurred a total of approximately $17,914 of fees pre-petition. As a result, by the time of the Debtor's bankruptcy filing, all of LNBYB's pre-petition retainer had been fully exhausted. As set forth in my Original Declaration, LNBYB waived all sums owing in excess of its pre-petition retainer so that LNBYB was not owed any money by the Debtor as of

the time of the Debtor's bankruptcy filing, and LNBYB therefore has no pre-petition claim against the Debtor.

7. In my Original Declaration, I stated that LNBYB has no prior connection with the Debtor, any creditors of the Debtor or its estate, or any other party in interest in this case, or their respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee. As indicated above, LNBYB served as counsel to the Debtor for a period of approximately two weeks prior to the Debtor's bankruptcy filing, and LNBYB is currently serving as the Debtor's bankruptcy counsel.

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 9th day of December, 2015, at Los Angeles, California.

                                            */s/ Ron Bender*
                                            RON BENDER, ESQ., Declarant

# EXHIBIT "1"



November 17, 2015

Magnolia Brewing Company, LLC
Attn: David C. McLean, Managing Member
1398 Haight Street
San Francisco, CA 94117

Re: Retention Agreement

Dear Mr. McLean:

I understand that Magnolia Brewing Company, LLC ("CLIENT") would like to retain my firm to represent CLIENT as bankruptcy, insolvency and reorganization counsel both prior to and in connection with any Chapter 11 bankruptcy case which CLIENT may decide to commence. We would be happy to represent CLIENT under the terms and conditions set forth in this Agreement. It is our practice and to our mutual benefit to have a written understanding setting forth the basis of the services that we are expected to provide to CLIENT and the basis for the payment of our fees so that there is no misunderstanding of the nature and scope of our employment and method of compensation. In addition, this is intended to insure that CLIENT has sufficient information to make an informed decision as to whether to consent to the terms and conditions set forth below.

This legal services agreement ("Agreement") is entered into by and between CLIENT, on the one hand, and Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB"), on the other hand.

1. **CONDITIONS**. This Agreement will not take effect and LNBYB will have no obligation to provide legal services to CLIENT until CLIENT returns a signed copy of this Agreement to LNBYB and pays the retainer to LNBYB described in paragraph 3 below.

2. **SCOPE AND DUTIES**. CLIENT hereby employs LNBYB as CLIENT's bankruptcy, insolvency and business reorganization counsel to render such ordinary and necessary legal services as may be required by CLIENT prior to and during any Chapter 11 bankruptcy case which may be commenced by CLIENT. CLIENT shall be truthful with LNBYB, cooperate with LNBYB, keep LNBYB informed of all developments, provide LNBYB with all relevant financial, legal or other requested documentation, abide

ON BENDER ATTORNEY AT LAW ■ EMAIL: RB@LNBYB.COM ■ DIRECT: 310.229.3330
250 CONSTELLATION BLVD STE 1700 LOS ANGELES CA 90067 ■ TEL: 310.229.1234 FAX: 310.229.1244 WWW.LNBYB.COM

with this Agreement and keep LNBYB advised of CLIENT's current address, telephone number and whereabouts.

Because LNBYB's practice is limited exclusively to matters of bankruptcy, insolvency, business reorganization and commercial litigation, LNBYB will not be required to render substantive legal advice to CLIENT outside these areas, such as corporate, tax, securities, tort, environmental, labor, criminal or real estate law. It is a condition of this Agreement that CLIENT retain such other counsel, as is necessary, to represent CLIENT in matters beyond the scope of LNBYB's representation.

3. **RETAINERS AND FEE PROCEDURES.** Concurrently with CLIENT's execution of this Agreement, CLIENT will deliver to LNBYB a pre-bankruptcy retainer payment in the amount of Ten Thousand Dollars ($10,000.00) in the form of a wire transfer or a cashier's check. Wire transfer instructions are set forth below if CLIENT desires to make this payment by wire transfer. If CLIENT decides to commence a Chapter 11 bankruptcy case, LNBYB will pay the Chapter 11 bankruptcy filing fee of $1,717.00 directly to the bankruptcy court out of this retainer. LNBYB will bill its fees and expenses against the retainer. Notwithstanding the amount of the retainer and any subsequent retainers or other sums paid by CLIENT to LNBYB, CLIENT hereby agree that CLIENT will be liable and obligated to LNBYB for the full amount of the fees and expenses incurred by LNBYB in connection with representing CLIENT as bankruptcy, insolvency and reorganization counsel both prior to and during any Chapter 11 bankruptcy case commenced by CLIENT. CLIENT hereby agrees to pay directly any expenses that LNBYB actually incurs on CLIENT's behalf through use of outside services including, but not limited to, bankruptcy filing fees, mailing labels, outside photocopying and postage charges, title searches and county recorder searches. LNBYB will forward to CLIENT any invoices received from such third parties which CLIENT hereby agrees to pay promptly.

4. **RETENTION OF EXPERTS.** In any Chapter 11 bankruptcy case filed by CLIENT, CLIENT may be required to engage other professionals with respect to issues such as determining the fair market value of CLIENT's assets. It will be CLIENT's sole responsibility to pay all of the fees and expenses of these and any other experts that CLIENT employs.

5. **BILLING STATEMENTS.** LNBYB will send CLIENT monthly billing statements reflecting the fees and expenses incurred in connection with LNBYB's representation of CLIENT. CLIENT will have the opportunity to review all such billing statements. If, following such review, CLIENT does not promptly notify LNBYB of any objection that CLIENT has with regard to a billing statement, CLIENT will be deemed to have approved the fees and expenses reflected on that billing statement.

Page 3

    6. **HOURLY RATES.** CLIENT hereby agrees to pay the fees and expenses incurred by LNBYB on CLIENT's behalf as computed in accordance with LNBYB's standard billing practices and reimbursement of expenses in accordance with the guidelines promulgated by the Office of the United States Trustee for Chapter 11 bankruptcy cases. A listing of LNBYB's hourly billing rates is set forth below.

    7. **CONFLICT OF INTEREST.** LNBYB is being employed by CLIENT. CLIENT's employment of LNBYB does not and cannot include LNBYB's representation of any of CLIENT's affiliates or any of CLIENT's subsidiaries, agents, employees, creditors, shareholders, members, officers, directors or other parties related to CLIENT. Any such people or entities should consult their own independent counsel.

    Because of the specialized nature of LNBYB's practice, LNBYB from time to time may concurrently represent one client in a particular case and the adversary of that client in an unrelated case. For example, it is possible that LNBYB may have represented, or currently represents, one or more of CLIENT's creditors in connection with other matters. As I have not had the opportunity to undertake any review of CLIENT's creditor list, I am not aware if this situation exists. Please be assured that, despite such potential representation, LNBYB strictly preserves all client confidences and zealously pursues the interests of each client, including in those circumstances in which LNBYB represents the adversary of an existing client. CLIENT hereby acknowledges that CLIENT does not consider LNBYB's representation of CLIENT and LNBYB's representation or potential representation of any adversary in an unrelated matter to be inappropriate. CLIENT hereby specifically waives any objection to any such present or future concurrent representation by LNBYB.

    8. **DISCHARGE AND WITHDRAWAL.** CLIENT may discharge LNBYB at any time on written notice. However, CLIENT's discharge of LNBYB will not in any way relieve CLIENT of CLIENT's obligation to pay all fees and expenses incurred by LNBYB on CLIENT's behalf prior to the discharge. LNBYB may withdraw from representing CLIENT with CLIENT's consent or for good cause. Good cause includes, but is not limited to, breach of this Agreement by CLIENT, CLIENT's refusal to cooperate with LNBYB or to follow LNBYB's advice on a material matter, or any other fact or circumstance that would render LNBYB's continuing representation of CLIENT unlawful, unethical or otherwise inconsistent with what LNBYB believes to be appropriate under the circumstances.

    9. **INSURANCE COVERAGE.** As required under California Business and Professions Code Section 6148, CLIENT is hereby advised that LNBYB maintains errors and omissions insurance coverage that will be applicable to the services to be rendered by LNBYB on CLIENT's behalf as described in this Agreement.

Case: 15-31480    Doc# 31    Filed: 12/09/15    Entered: 12/09/15 14:03:17    Page 7 of 13

10. **DISCLAIMER OF WARRANTY.** Nothing in this Agreement and nothing in LNBYB's statements to CLIENT will be construed as a promise or warranty about the outcome of LNBYB's representation of CLIENT, both prior to and during any Chapter 11 case filed by CLIENT. LNBYB makes no such promises and renders no such warranties as to the results to be accomplished by LNBYB on CLIENT's behalf.

11. **ENTIRE AGREEMENT.** This Agreement constitutes the complete agreement between LNBYB and CLIENT concerning the terms of CLIENT's employment of LNBYB, and supersedes all prior or contemporaneous statements, discussions and agreements between CLIENT and LNBYB.

12. **ARBITRATION.** The parties hereto agree that if CLIENT does not file a bankruptcy case, any dispute relating to the fees and/or costs charged by LNBYB under this Agreement shall be submitted to binding arbitration before the San Francisco Bar Association pursuant to California Business and Professions Code § 6200, et seq., or, should that organization decline to arbitrate the dispute, before the State Bar of California pursuant to California Business and Professions Code § 6200, et seq. The parties hereto agree that if CLIENT does file a bankruptcy case, any dispute relating to the fees and costs charged by LNBYB under this Agreement shall be resolved exclusively by the bankruptcy court. Any other dispute (other than with respect to the fees and/or costs charged by LNBYB under this Agreement) between the parties hereto arising out of or relating to this Agreement or LNBYB's professional services rendered to or for CLIENT shall be resolved by binding arbitration before the American Arbitration Association in San Francisco, California, in accordance with the Commercial Rules of the American Arbitration Association prevailing at the time of the arbitration.

13. **ATTORNEYS FEES AND PREVAILING LAW.** If there is litigation or arbitration to enforce this Agreement, the prevailing party will be entitled to attorneys' fees and expenses. California law shall apply in connection with this Agreement.

[Continued on Next Page]

LNBYB has advised CLIENT to obtain independent legal advice regarding this Agreement. By executing this Agreement, CLIENT hereby acknowledges that CLIENT has either obtained such independent legal advice or knowingly waived the benefit of such independent legal advice.

If CLIENT is in agreement with the foregoing, please execute this Agreement and return it to me together with the initial retainer.

Very truly yours,

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By_____
Ron Bender, Managing Partner

Dated: November 17, 2015

THE FOREGOING IS APPROVED AND AGREED TO:

Magnolia Brewing Company, LLC

By:_____
Attn: David C. McLean, Managing Member

LAW OFFICES
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone No. (310) 229-1234
Telecopier No. (310) 229-1244

### SCHEDULE OF HOURLY BILLING RATES
(Effective January 1, 2015)

| ATTORNEYS | Rates |
|---|---|
| DAVID W. LEVENE | $ 595 |
| DAVID L. NEALE | 595 |
| RON BENDER | 595 |
| MARTIN J. BRILL | 595 |
| TIMOTHY J. YOO | 595 |
| GARY E. KLAUSNER | 595 |
| EDWARD M. WOLKOWITZ | 595 |
| DAVID B. GOLUBCHIK | 595 |
| BETH ANN R. YOUNG | 575 |
| MONICA Y. KIM | 575 |
| DANIEL H. REISS | 575 |
| IRVING M. GROSS | 575 |
| PHILIP A. GASTEIER | 575 |
| KURT RAMLO | 575 |
| EVE H. KARASIK | 575 |
| JACQUELINE L. RODRIGUEZ | 555 |
| JULIET Y. OH | 555 |

LNBY & B

Page 7

| | |
|---|---|
| TODD M. ARNOLD | 555 |
| TODD A. FREALY | 555 |
| CARMELA T. PAGAY | 535 |
| ANTHONY A. FRIEDMAN | 495 |
| KRIKOR J. MESHEFEJIAN | 490 |
| JOHN-PATRICK M. FRITZ | 490 |
| LINDSEY L. SMITH | 390 |
| JEFFREY KWONG | 295 |
| PARAPROFESSIONALS | 225 |

Page 8

Omitted

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **SUPPLEMENTAL DECLARATION OF RON BENDER, ESQ. IN SUPPORT APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LEVENE, NEALE, BENDER, YOO & BRILL L.L.P. AS BANKRUPTCY COUNSEL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 9, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Ron Bender    rb@lnbyb.com
- David J. Cook    cook@squeezebloodfromturnip.com
- John-Patrick M. Fritz    JPF@LNBYB.com
- Lynette C. Kelly    lynette.c.kelly@usdoj.gov, ustpregion17.oa.ecf@usdoj.gov
- Office of the U.S. Trustee / SF    USTPRegion17.SF.ECF@usdoj.gov, ltroxas@hotmail.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On December 9, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December 9, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 9, 2015 | Lourdes Cruz | */s/ Lourdes Cruz* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*     F 9013-3.1.PROOF.SERVICE